1    PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2    Name RAMIREZ GUADALUFE
     (Last)          (First)          (Initial)

3    Prisoner Number P62-785. PBSP SHU C91708.

4    Institutional Address P.O. BOX 7500

5    CRESCENTCITY CA. 95532

6    ===================================================

7    UNITED STATES DISTRICT COURT
     NORTHERN DISTRICT OF CALIFORNIA

8    GUADALUPE RAMIREZ
     (Enter the full name of plaintiff in this action.)

9                                          CV
                vs.                        )    Case No.
10                                         )    (To be provided by the clerk of court)
     HABEAS CORPUS                         )
11                                         )    PETITION FOR A WRIT
                                           )    OF HABEAS CORPUS
12   _____       )
13                                          )
     _____       )
14   (Enter the full name of respondent(s) or jailor in this action)  )
15

16   ===================================================
     Read Comments Carefully Before Filling In

17   When and Where to File

18       You should file in the Northern District if you were convicted and sentenced in one of these

19   counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23       If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located.  If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS         - 1 -

1  Who to Name as Respondent

2        You must name the person in whose actual custody you are.  This usually means the Warden or

3  jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5  respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11        1.  What sentence are you challenging in this petition? PETITIONER DOES NOT CHALLENGE THE

12  OF HIS CRIMINAL CONVICTION OR SENTENCE IN THESE PROCEEDINGS
        (a)  Name and location of court that imposed sentence (for example; Alameda

13              County Superior Court, Oakland):

14

15              Court                           Location

16        (b)  Case number, if known _____

17        (c)  Date and terms of sentence _____

18        (d)  Are you now in custody serving this term?  (Custody means being in jail, on

19              parole or probation, etc.)              Yes  X      No _____

20              Where?

21              Name of Institution: PELICAN BAY STATE PRISON

22              Address: P.O. BOX 7500. CRESCENT CITY CA 95532

23        2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  PETITIONER IS NOT CHALLENGING HIS CRIMINAL CONVIC

27  TION OR SENTENCING IN THESE PETITION. PROCEED-

28  INGS.

PET. FOR WRIT OF HAB. CORPUS        - 2 -

1     3. Did you have any of the following?

2          Arraignment:                          Yes _____    No _____

3          Preliminary Hearing:                  Yes _____    No _____

4          Motion to Suppress:                  Yes _____    No _____

5     4. How did you plead?

6          Guilty _____    Not Guilty     Nolo Contendere _____

7          Any other plea (specify) _____

8     5. If you went to trial, what kind of trial did you have?

9          Jury _____    Judge alone_____   Judge alone on a transcript _____

10    6. Did you testify at your trial?               Yes _____    No _____

11    7. Did you have an attorney at the following proceedings:

12         (a)    Arraignment                 Yes _____    No _____

13         (b)    Preliminary hearing          Yes _____    No _____

14         (c)    Time of plea               Yes _____    No _____

15         (d)    Trial                    Yes _____    No _____

16         (e)    Sentencing               Yes _____    No _____

17         (f)    Appeal                 Yes _____    No _____

18         (g)    Other post-conviction proceeding   Yes _____    No _____

19    8. Did you appeal your conviction?         Yes _____    No _____

20         (a)    If you did, to what court(s) did you appeal?

21                Court of Appeal           Yes _____    No _____

22                Year: _____     Result:_____

23                Supreme Court of California    Yes _____    No _____

24                Year: _____     Result:_____

25                Any other court            Yes _____    No _____

26                Year: _____     Result:_____

27

28         (b)    If you appealed, were the grounds the same as those that you are raising in this

1          petition?                                    Yes _____    No_____

2        (c)    Was there an opinion?                    Yes _____    No_____

3        (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                        Yes _____    No_____

5               If you did, give the name of the court and the result:

6        _____

7        _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?            Yes _____    No_____

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11    challenged the same conviction you are challenging now and if that petition was denied or dismissed

12    with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13    for an order authorizing the district court to consider this petition. You may not file a second or

14    subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15    U.S.C. §§ 2244(b).]

16        (a)    If you sought relief in any proceeding other than an appeal, answer the following

17               questions for each proceeding. Attach extra paper if you need more space.

18            I.    Name of Court: _____

19                  Type of Proceeding: _____

20                  Grounds raised (Be brief but specific):

21                  a._____

22                  b._____

23                  c._____

24                  d._____

25                  Result: _____Date of Result:_____

26            II.   Name of Court: _____

27                  Type of Proceeding: _____

28                  Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

1          a._____

2          b._____

3          c._____

4          d._____

5          Result:_____Date of Result:_____

6      III    Name of Court:_____    _____

7          Type of Proceeding:_____

8          Grounds raised (Be brief but specific):

9          a._____

10          b._____

11          c._____

12          d._____

13          Result:_____Date of Result:_____

14      IV.    Name of Court:_____

15          Type of Proceeding:_____

16          Grounds raised (Be brief but specific):

17          a._____

18          b._____

19          c._____

20          d._____

21          Result:_____Date of Result:_____

22    (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                          Yes_____    No_____

24          Name and location of court:_____

25    B. GROUNDS FOR RELIEF

26        State briefly every reason that you believe you are being confined unlawfully. Give facts to

27    support each claim. For example, what legal right or privilege were you denied? What happened?

28    Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1   need more space.  Answer the same questions for each claim.

2        [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3   petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5        Claim One: SIXTH AMENDMENT. STRICKLAND V. WASHINGTON

6   466. U.S. 668. 685. 104 S.CT 2052. 80 L.ED.2D 674 (1984)

7        Supporting Facts: "THE SIXTH AMENDMENT RECOGNIZES THE RIGHT

8   TO THE ASSISTANCE OF COUNSEL BECAUSE IT ENVISIONS COUNSELS PLAY-

9   ING A ROLE THAT IS CRITICAL TO THE ABILITY OF THE ADVERSARIAL

10  SYSTEM TO REACH JUST RESULTS." ADVERSARIAL OF REPRESENTATI-

11       Claim Two: FOURTEENTH AMENDMENT

12   AS

13       Supporting Facts: AS A PRACTICAL MATTER, THE EQUAL PROTECTION

14  AND DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDM-

15  ENT LARGELY CONVERGE TO REQUIRE THAT A STATES PROCE-

16  DURE AFFORDS ADEQUATE AND EFFECTIVE APPELLATE REVI-

17       Claim Three: "EQUITABLE TOLLING"

18

19       Supporting Facts: WHERE SOME EXTRAORDINARY CIRCUMSTA-

20  NCES BEYOND PETITIONER CONTROL MAKE IT IMPOSS-

21  IBLE TO FILE A PETITION ON TIME. PETITIONER LACK

22  OF EDUCATION AND LEGAL TRAINING, THE SCARCITY OF

23       If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25   _____

26   _____

27   _____

28   _____

PET. FOR WRIT OF HAB. CORPUS          - 6 -

1 REPRESENTATION. THUS, THE ADVERSARIAL PROCESS PROTECTED BY
2 THE SIXTH AMENDMENT REQUIRES THAT THE ACCUSED HAVE COUNSEL
3 ACTING IN THE ROLE OF AN ADVOCATE.

4 ON LIKE REASON, WENDE IS DEFICIENT IN RELYING ON A JUDGE'S
5 NONPARTISAN REVIEW TO ASSURE THAT A DEFENDANT SUFFERS NO
6 PREJUDICE AT THE HAND OF A LAWYER WHO HAS FAILED TO DOCUMENT
7 HIS BEST EFFORT AT PARTISAN REVIEW. EXACTLY BECAUSE OUR SYSTEM
8 ASSUMES THAT A LAWYER COMMITTED TO A CLIENT IS THE MOST DEP-
9 ENDABLE GUARDING OF THE CLIENTS INTEREST, WE HAVE CONSISTENTLY
10 REJECTED PROCEDURES LEAVING THE DETERMINATION, OR TO THE
11 COURT FOLLOWING A CONCLUSORY DECLARATION BY COUNSEL, OR
12 TO THE COURT ASSISTED BY COUNSEL IN THE ROLE OF AMICUS.

13                CLAIM TWO: SUPPORTING FACTS.

14 REVIEW TO INDIGENT DEFENDANTS, AND A STATES PROCEDURES
15 PROVIDES SUCH REVIEW SO LONG AS IT REASONABLY ENSURES
16 THAT AN INDIGENT'S APPEAL WILL BE RESOLVED IN A WAY THAT IS
17 RELATED TO THE MERIT OF THAT APPEAL.

18                CLAIM THREE SUPPORTING FACTS.

19 RELEVANT LEGAL MATERIALS IN THE PRISON LIBRARY. RESTRICT
20 IONS ON PRISON LIBRARY ACCESS BECAUSE THE PRISON DID NOT
21 CONSIDER THE RUNNING OF THE FEDERAL STATUTE OF LIMITATIONS
22 TO BE A "30 DAY DEADLINE" SUFFICIENT TO TRIGGER THE NEED
23 FOR LIBRARY ACCESS. PRISON LOCK DOWN, FOR COUNT WHICH
24 RESULTED IN THE DENIAL OF LAW LIBRARY ACCESS. DIFFICULTY OF
25 OBTAINING FACTS WHILE IN PRISON, LACK OF MONEY TO HIRE SOME
26 BODY TO DO INVESTIGATION, ATTORNEY INDUCED DELAY.
27
28

1. ON MAY 2008, PETITIONER GUADALUPE RAMIREZ FILED A PETITION FOR
2. WRIT OF HABEAS CORPUS (CASE NO. HC 6205 ) TO THE SUPERIOR COURT
3. OF CALIFORNIA. COUNTY OF MONTEREY. REGARDING THE PETITIONERS SON
4. GUADALUPE RAMIREZ JR CASE NO. J40210, PETITIONER APPEARED AT
5. THE SEP 15 2006 HEARING WHERE HIS PARENTAL RIGHTS WERE TERMINATED
6. AT THE HEARING, PETITIONER OBJECTED TO THE COURTS FINDINGS TO HAVE
7. HIS PARENTAL RIGHTS TERMINATED. APPOINTED COUNSEL MADE NO ARGUEM-
8. ENTS OR OBJECTIONS TO THE COURTS FINDING — COUNSEL WHO FILES
9. A MARITS BRIEF NEED NOT, AND SHOULD NOT, RAISE EVERY NONFRIVOLOUS
10. CLAIM, BUT RATHER MAY SELECT FROM AMONG THEM IN ORDER TO MAXIMIZE
11. THE LIKELIHOOD OF SUCCESS ON APPEAL. NONETHELESS, IT IS POSSIBLE TO
12. BRING A STRICKLAND CLAIM BASED ON COUNSELS FAILURE TO RAISE A
13. PARTICULAR CLAIM, THOUGH IT IS DIFFICULT TO DEMONSTRATE THAT COUNSEL
14. WAS INCOMPETENT, AND GENERALLY, ONLY WHEN IGNORED ISSUES ARE
15. CLEARLY STRONGER THAN THOSE PRESENTED, WILL THE PRESUMPTION OF
16. EFFECTIVE ASSISTANCE OF COUNSEL BE OVERCOME. THUS, THE WENDE PROCE-
17. DURES IS ALSO AT LEAST COMPARABLE TO THOSE PROCEDURES THE COURT HAS
18. APPROVED. BY NEITHER REQUIRING THE WENDE BRIEF TO RAISE LEGAL ISSUES NOR
19. REQUIRING COUNSEL TO EXPLICITLY DESCRIBE THE CASE AS FRIVOLOUS,
20. CALIFORNIA HAS MADE A GOOD-FAITH EFFORT TO MITIGATE ONE OF THE
21. PROBLEMS THAT CRITICS HAVE FOUND WITH ANDERS, NAMELY, THE REQUIR-
22. EMENT THAT COUNSEL VIOLATE HIS ETHICAL DUTY AS AN OFFICER OF THE
23. COURT (BY PRESENTING FRIVOLOUS ARGUMENTS) AS WELL AS HIS DUTY
24. TO FURTHER HIS CLIENTS INTEREST (BY CHARACTERIZING THE CLIENTS CLAIMS
25. AS FRIVOLOUS). WENDE ALSO ATTEMPTS TO RESOLVE ANOTHER ANDERS PROBLEM
26. THAT IT APPARENTLY ADOPTS GRADATIONS OF FRIVOLITY. AND USES TWO
27. DIFFERENT MEANINGS FOR THE PHRASE "ARGUABLE ISSUE": BY DRAWING THE
28. LINE AT FRIVOLITY AND BY DEFINING ARGUABLE ISSUES AS THOSE THAT ARE

1  NOT FRIVOLOUS. FINALLY, THE WENDE PROCEDURE APPEARS TO BE, IN SOME
2  WAYS, BETTER THAN THE ONE APPROVED IN McCOY AND IN OTHER WAYS,
3  WORSE. ON BALANCE, THE COURT CANNOT SAY THAT THE LATTER ASSUMING,
4  ARGUENDO, THAT THEY OUT WEIGH THE FORMER, DO SO SUFFICIENTLY TO MAKE
5  THE WENDE PROCEDURE UNCONSTITUTIONAL, AND THE COURTS PURPOSE
6  UNDER THE CONSTITUTION IS NOT TO RESOLVE SUCH ARGUMENTS. THE
7  COURT ADDRESSES NOT WHAT IS PRUDENT OR APPROPRIATE, BUT WHAT IS
8  CONSTITUTIONALLY COMPELLED.  US IT IS ENOUGH TO SAY THAT THE
9  WENDE PROCEDURE, LIKE THE ANDERS AND McCOY PROCEDURES, AND
10 UNLIKE THE ONES IN E.G. DOUGLAS AND PENSON, AFFORDS ADEQUATE
11 AND EFFECTIVE. IN REGARDS TO PETITIONER, THIS CASE IS REMANDED
12 FOR THE COURTS TO EVALUATE PETITIONERS INEFFECTIVE-ASSISTANCE
13 CLAIM, IT MAY BE THAT HIS APPEAL WAS NOT FRIVOLOUS AND THAT HE WAS
14 THUS, ENTITLED TO A MERIT BRIEF. BOTH THE COURTS AND THE 9TH CIR
15 FOUND THAT THERE WERE TWO ARGUABLE ISSUES ON DIRECT APPEAL,
16 BUT IT IS UNCLEAR HOW THEY USED THE PHRASE "ARGUABLE ISSUES"
17 IT IS THEREFORE NECESSARY TO CLARIFY HOW STRONG THOSE ISSUES
18 ARE. THE PROPER STANDARD FOR EVALUATING RAMIREZ'S CLAIM
19 ON REMAND IS THAT ENUNCIATED IN STRICKLAND V. WASHING-
20 TON 466 U.S 668.104. S.CT 2052.80 L.ED 674: HE MUST FIRST
21 SHOW THAT HIS COUNSEL WAS OBJECTIVELY UNREASONABLE, IN
22 FAILING TO FIND ARGUABLE ISSUES TO APPEAL AND IF RAMIREZ
23 SUCCEEDS IN SUCH A SHOWING, HE THEN HAS THE BURDEN OF
24 DEMONSTRATING PREJUDICE, PETITIONER MUST SATISFY BOTH
25 PRONGS OF THE STRICKLAND TEST TO PREVAIL, FOR HIS CLAIM
26 DOES NOT WARRANT A PRESUMPTION OF PREJUDICE. FURTHER, HIS
27 CLAIM DOES NOT FALL WITHIN ANY OF THE THREE CATEGORIES OF CASES
28 IN WHICH PREJUDICE IS PRESUMED FOR IT DOES NOT INVOLVE THE

1  COMPLETE DENIAL OF COUNSEL ON APPEAL, STATE INTERFERENCE WITH
2  COUNSELS ASSISTANCE OR AN ACTUAL CONFLICT OF INTEREST ON HIS
3  COUNSELS PART. (SEE WENDE, 25 CAL 3D AT 441, 442, 158 CAL RPTR
4  839, 600 P.2D AT 1075) "NOR REQUESTING LEAVE TO WITHDRAW
5  INSTEAD HE IS SILENT ON THE MERITS OF THE CASE AND EXPRESSES
6  HIS AVAILABILITY TO BRIEF ANY ISSUES ON WHICH THE COURT MIGHT DESIRE
7  BRIEFING. (SEE GENERALLY ID AT 438, 441, 442, 158 CAL RPTR 839, 600
8  P.2D AT 1072, 1074, 1075.) THE MINUTE ORDER NOTIFIED THE PARTIES
9  THAT (1)  [T]HE ATTORNEYS FOR THE PARENTS ARE "RELIEVED" EFFE-
10 CTIVE 60 DAYS AFTER THE DATE OF THE ORDER IF NO TIMELY APPEAL FROM
11 THIS ORDER IS FILED. THUS, PETITIONERS ARGUES THAT THE RULE WAS
12 CONTRARY AS COUNSEL WAS STILL UNDER HIS ETHICAL OBLIGATION TO HIS
13 CLIENT AND CONTINUE TO RENDER HIS ASSISTANCE TO SAFEGUARD ~~TO~~
14 HIS CLIENT(S) FOURTEENTH AMENDMENT, FOR IT PROVIDES A CLIENT
15 PURSUING A FIRST APPEAL AS OF RIGHT. [THE] MINIMUM SAFEGUARD
16 NECESSARY TO MAKE THAT APPEAL "ADEQUATE AND EFFECTIVE".
17 THE EQUAL PROTECTION GUARANTEE ____ ONLY ____
18 ASSURE(S) THE INDIGENT DEFENDANT(S) AN ADEQUATE
19 OPPORTUNITY TO PRESENT HIS CLAIMS FAIRLY IN THE CONTEXT OF
20 THE STATE S APPELLATE PROCESS" PETITIONER RELY ON THE HANDS OF
21 HIS LAWYER WHO HAS FAILED TO DOCUMENT HIS BEST EFFORT AT
22 PARTISAN REVIEW. EXACTLY BECAUSE OUR SYSTEM ASSUMES THAT A
23 LAWYER COMMITTED TO A CLIENT IS THE MOST DEFENDABLE GUARDING
24 IAN OF THE CLIENT(S) INTEREST. ALSO A "REASONABLE PROBABILITY"
25 THAT COMPETENT RESPRESENTATION WOULD HAVE PRODUCED A
26 DIFFERENT RESULT IN PETITIONERS PARENTAL RIGHTS HEARING.
27 THE NOMINAL COUNSEL IS FUNCTIONING MERELY AS A FRIEND OF THE
28 COURT, HELPING THE JUDGE TO GRASP THE STRUCTURE OF THE RECORD BUT

1  NOT EVEN PURPORTING TO HIGHLIGHT THE RECORD'S NEAREST APPROACH
2  TO SUPPORTING HIS CLIENTS HOPE TO APPEAL
3  COUNSEL UNDER WENDE IS DOING LESS THAN THE JUDGES LAW CLERK
4  (OR A STAFF ATTORNEY) MIGHT DO AND HE IS DOING NOTHING AT ALL
5  IN THE WAY OF ADVOCACY, WHEN A LAWYER ABANDONS THE ROLE
6  OF ADVOCATE AND ADOPTS THAT OF AMICUS CURIAE HE IS NO
7  LONGER FUNCTIONING AS COUNSEL OR RENDING ASSISTANCE
8  WITHIN THE MEANING OF THE SIXTH AMENDMENT.
9  PETITIONER BELIEVES AND ALLEGES THE ABOVE MENTION CAN
10  AND WILL BE PROVEN WITH THE ACTUAL TRANSCRIPTS OF THE
11  HEARING (SEP 15. 2006) INCLUDING ALL DOCUMENTS PRESENTED
12  AS EVIDENCE. WHEN AND ONLY WHEN PETITIONER IS GRANTED
13  RELIEF TO RE-OPEN HIS CASE.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1         List, by name and citation only, any cases that you think are close factually to yours so that they

2     are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3     of these cases:

4     SMITH V. ROBBINS, 528 US 259 (2000)

5     STRICKLAND V. WASHINGTON, 466.US.668.104, S.CT 2052, 80,

6     L.ED 674. WENI), 25 CAL 3D AT 441,442,158, CAL RPTR 839.600

7     Do you have an attorney for this petition?                                                    Yes_____    No ✓

8     If you do, give the name and address of your attorney:

9     _____

10        WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on 7.28.08

14              Date                                                   Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

FILED

JUN 3 0 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
DEPUTY
B. Perry

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

1

2

3

4  In re                                              )    Case No.: HC 6205
                                                      )
5       Guadalupe Ramirez                             )    ORDER
                                                      )
6                          On Habeas Corpus.          )
                                                      )
7  ─────────────────────────────────────

8      On May 14, 2008, Guadalupe Ramirez filed a petition for writ of habeas corpus.

9  Petitioner is currently housed at the California State Prison – Solano in Vacaville.

10     Petitioner contends the attorney representing him in the dependency case concerning his

11  son, *Guadalupe Guido Ramirez, Jr.* Monterey County Case No. J 40210, had rendered

12  ineffective assistance by failing to appeal the decision terminating parental rights.

13     On Aug. 30, 2006, the dependency court signed an order for Petitioner, who was then

14  incarcerated at the Correctional Training Facility, to appear at the Sept. 15, 2006, hearing under

15  Welfare & Institutions Code §366.26, to terminate parental rights.  On Sept. 15, 2006, Petitioner

16  appeared in court with counsel, and his parental rights were terminated.

17     The Sep. 15, 2006, minute order notified the parties that: (1) "[t]he attorneys for the

18  parents are relieved effective 60 days after the date of this order if no timely appeal from this

19  order is filed"; and (2) any party objecting to the decision must file with the Clerk of the Juvenile

20  Court a notice of appeal "not later than 60 days after the decision is made."

21     The burden is on the parent in a juvenile dependency case to pursue his or her appellate

22  rights; it is not the attorney's burden. *Janice J. v. Superior Court (*1997) 55 Cal.App.4th 690,

23  692.  "In the absence of a specific direction from the [parent], [the parent's] attorney in the

24

25

1

1   juvenile court was not obligated to take any steps to comply with section 366.26, subdivision (*l*)[1]

2   on the [parent's] behalf." *In re Cathina W.* (1998) 68 Cal. App. 4th 716, 724.

3         Here, Petitioner had notice of his right to appeal and alleged that counsel "fail[ed] to file

4   an appeal upon request." Petitioner provides no other details, including when he requested his

5   counsel to file an appeal. The Petitioner bears a heavy burden initially to plead sufficient

6   grounds for relief. *People v. Duvall* (1995) 9 Cal. 4th 464, 474. The petition should: 1) state

7   fully and with particularity the facts on which relief is sought; and 2) include copies of

8   reasonably available documentary evidence supporting the claim. *People v. Duvall*, supra, 474;

9   *In re Swain* (1949) 34 Cal. 2d 300, 303-304 (conclusory allegations insufficient).

10        Additionally, Petitioner does not explain the delay in seeking habeas relief. The decision

11   terminating parental rights was made on Sept. 15, 2006, and the instant petition was filed over a

12   year and a half later, on May 14, 2008. Habeas petitions must be timely filed. *In re Robbins*

---

15 [1]  "(1) Any order of the court permanently terminating parental rights under this section shall be conclusive and

16 binding upon the child, upon the parent or parents and upon all other persons who have been served with citation by publication or otherwise as provided in this chapter. After making the order, the juvenile court shall have no power to set aside, change, or modify it, except as provided in paragraph (2), but nothing in this section shall be construed

17 to limit the right to appeal the order.

18 (2) A child who has not been adopted after the passage of at least three years from the date the court terminated parental rights and for whom the court has determined that adoption is no longer the permanent plan may petition

19 the juvenile court to reinstate parental rights pursuant to the procedure prescribed by Section 388. The child may file the petition prior to the expiration of this three-year period if the State Department of Social Services or licensed adoption agency that is responsible for custody and supervision of the child as described in subdivision (j) and the

20 child stipulate that the child is no longer likely to be adopted. A child over 12 years of age shall sign the petition in the absence of a showing of good cause as to why the child could not do so. If it appears that the best interests of the

21 child may be promoted by reinstatement of parental rights, the court shall order that a hearing be held and shall give prior notice, or cause prior notice to be given, to the social worker or probation officer and to the child's attorney of

22 record, or, if there is no attorney of record for the child, to the child, and the child's tribe, if applicable, by means prescribed by subdivision (c) of Section 297. The court shall order the child or the social worker or probation officer

23 to give prior notice of the hearing to the child's former parent or parents whose parental rights were terminated in the manner prescribed by subdivision (f) of Section 294 where the recommendation is adoption. The juvenile court shall

24 grant the petition if it finds by clear and convincing evidence that the child is no longer likely to be adopted and that reinstatement of parental rights is in the child's best interest. If the court reinstates parental rights over a child who is under 12 years of age and for whom the new permanent plan will not be reunification with a parent or legal

25 guardian, the court shall specify the factual basis for its findings that it is in the best interest of the child to reinstate parental rights. This subdivision is intended to be retroactive and applies to any child who is under the jurisdiction of the juvenile court at the time of the hearing regardless of the date parental rights were terminated."

1   (1988) 18 Cal.4[th] 770, 778. The unjustified delay in presenting habeas claims bar consideration

2   of the merits or the petition. *In re Clark* (1993) 5 Cal.4[th] 750, 759.

3       For the foregoing reasons, the petition is denied.

4       IT IS SO ORDERED.

6   Dated: 6/30/08

Hon. Lydia Villarreal
Judge of the Superior Court

3

1

## CERTIFICATE OF MAILING

2

### C.C.P. SEC. 1013a

3

I do hereby certify that I am not a party to the within stated cause and that on

4

__6|30|08__ I deposited true and correct copies of the following document:

5

6
ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

7
California, directed to each of the following named persons at their respective addresses as

8
hereinafter set forth:

9

10

11
Guadalupe Ramirez, P68785
California State Prison – Solano (10-247)

12
P.O. Box 4000
Vacaville, CA 95696

13

14

15

16

17

18

19
Dated: 6/30/08

CONNIE MAZZEI,
Clerk of the Court

20

21
By: _____

22
Deputy B. Perd

23

24

25

4

MC-275

Name Guadalupe Ramirez

Address (D-247) P.O. BOX 4000

Vacaville CA. 95696

CDC or ID Number P68795

**FILED**

MAY 16 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
KAREN MAZZA DEPUTY

Monterey County
Superior Court of California
(Court)

Guadalupe Ramirez
Petitioner

vs.

on Habeas corpus
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. HCU205

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 at seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

☐ A conviction                   ☐ Parole

☐ A sentence                     ☐ Credits

☐ Jail or prison conditions      ☐ Prison discipline

☑ Other (specify): Child custody, Parental rights hearing

1. Your name: Guadalupe Ramirez

2. Where are you incarcerated? Solano State Prison

3. Why are you in custody? ☑ Criminal Conviction    ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

Petitioner does not challenge the of his criminal conviction and sentence in these Proceedings.

b. Penal or other code sections:

c. Name and location of sentencing or committing court:

d. Case number:

e. Date convicted or committed:

f. Date sentenced:

g. Length of sentence:

h. When do you expect to be released?

i. Were you represented by counsel in the trial court?    ☐ Yes.    ☐ No. If yes, state the attorney's name and address:

4. What was the LAST plea you entered? *(check one)*

☐ Not guilty    ☐ Guilty    ☐ Nolo Contendere    ☐ Other:

5. If you pleaded not guilty, what kind of trial did you have?

☐ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

counsel ftt fcul to file on appeal. upon
Request. fcul to be in accordance to
CRC Rules 39 (B) and 1435 (D). and
Sixth Amendment.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).* (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

on 9.15.06 I went before the judge Larry E.
Hawes Superior Court of California County of
Monterey (family and childrens services)
regarding Parental rights hearing. for the
child Guadalupe Guido Ramirez jr. # J40210.
was represented by Douglas Y. Tsuchiya.
on this date and time it was determined
solely basis on my incarceration it was for
the best interest of the child in question to
terminate petitioner's Parental rights. after
the final disposition. I immediately advise and
requested my counsel Mr Tsuchiya to file
an appeal. as a client petitioner rely on.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Appeal Rights: under CRC Rules 39 (b) and
1435 (d). petitioner has the right to appeal
and be represented by counsel.
Sixth Amendment, Equitable tolling" Calderon

7. **Ground 2 or Ground _____** *(if applicable):*

_____

_____

_____

_____

a. Supporting facts:

the counsel profession and code of responsi
bility, as he assure petitioner he will file
the appeal not only did he fail to file the
appeal, he fail to contact me to advise
me of it. moreover he fail to provide my
file transcripts, so I may attempt to
meet the courts requirements and time
limits. for filing appeal. Due to his (counsel)
neglegents petitioner lost the opportunity
to challenge the courts despositions as well
as his parental rights to be a father to his
son. this, seeking relief to have this
matter reopen. the courts to consider these
reliefs under the "equitable tolling" where some
"extraordinary circumstances" beyond petitioner cont
rol make it impossible to file a petition on time . as
the petitioner has a 5.6 level for reading and
comprehension and it has become difficult.

b. Supporting cases, rules, or other authority:

v. United states district court (Beeler) 9th cir. 1997
163 F. 3d 530

_____

_____

_____

8. Did you appeal from the conviction, sentence, or commitment?   ☐ Yes.   ☐ No.  If yes, give the following information:

   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_____

   b.  Result _____   c.  Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

       (2) _____

       (3) _____

   f.  Were you represented by counsel on appeal?  ☐ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☐ No.  If yes, give the following information:

   a.  Result _____   b.  Date of decision: _____

   c.  Case number or citation of opinion, if known: _____

   d.  Issues raised:  (1) _____

       (2) _____

       (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

_____

_____

   b.  Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
     *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☐ Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

13. a. (1) Name of court: Superior Court of California

(2) Nature of proceeding (for example, "habeas corpus petition"): Habeas corpus Petition

(3) Issues raised: (a) ineffective assistance of counsel (IAC)

(b) fourth Amendment CRC Rules 39(B), 1435(D)

(4) Result (Attach order or explain why unavailable): See attachment.

(5) Date of decision: 9.15.06

b. (1) Name of court: Superior Court of California.

(2) Nature of proceeding: Parental rights Child custody.

(3) Issues raised: (a) termination of parental rights.

(b) _____

(4) Result (Attach order or explain why unavailable): Parental rights terminated

(5) Date of decision: 9.15.06

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result: Superior Court of California; 9.15.06. Parental rights termination of Parental rights

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) Ineffective assistance of counsel, counsel fail to file a timely appeal.

16. Are you presently represented by counsel?  ☑ Yes.  ☐ No. If yes, state the attorney's name and address, if known: Douglas Y. Tsuchina · 341 Capitol St. Suite 1 Salinas, CA. 93901

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☑ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 5.7.08

▶ _____
(SIGNATURE OF PETITIONER)

1 | Guadalupe G. Ramirez, Aka: Guadalupe-Guido
Ramirez Jr. J 40210
2 | Tere Guido, Aka: Tere Nina Guido-Lopez
3 | J 40211

Hearing Date: /2006

## ATTACHMENT TO MINUTE ORDERS

**Page 4 of 5**

26.  The attorneys for the parents are relieved effective 60 days after the date of this order if no
     timely appeal from this order is filed.

## APPEAL RIGHTS

27.  Any party objecting to the decision of the court has the right to appeal this decision, provided
     that the proper steps are taken to file the appeal and the appeal is filed in a timely manner.
     The appeal must be initiated by filing a notice of appeal with the Clerk of the Juvenile Court
     not later than 60 days after the date this decision is made. The decision is made when it is
     announced in open court, or if not so announced, when the written decision is issued by the
     judge. Any party who wishes to appeal should consult with their current attorney to ensure
     that the appeal is filed in a timely manner. Any indigent party who appeals is entitled (a) to
     have the clerk of the juvenile court provide such party with a transcript of the proceedings,
     free of charge, and (b) to have the court of appeal appoint an attorney to represent such party
     on appeal [CRC Rules 39(b) and 1435(d)].

## ADVICE UNDER FAMILY CODE SEC. 8703

28.  The birth parents of the child who is the subject of this proceeding are advised that, after
     termination of their parental rights regarding this child, the birth parents are encouraged to keep
     the Monterey County Department of Social Services informed of their current address in order
     to permit a response to any inquiry concerning medical or social history made by or on behalf
     of the child.

## NEXT HEARING

29.  A permanent placement review hearing pursuant to W&I Code Sec. 366.3 is set for ~~January~~
     ~~12,~~ 2007.

Guadalupe G. Ramirez, Aka: Guadalupe-Guido
Ramirez Jr. J 40210
Tere Guido, Aka: Tere Nina Guido-Lopez
J 40211

Hearing Date: 08/25/06
9/15

Page 5 of 5

## **ADDITIONAL ORDERS**

19A.    The child, Guadalupe Guido Ramirez, Jr., is declared free from the custody and control of

    a.    the child's mother, Maria Teresa Guido, and

    b.    the child's alleged father, Guadalupe Ramirez, Sr.,

and the parental rights of said persons with respect to said child are terminated.

19B.    The child, Tere Nina Guido-Lopez, aka Tere Guido, is declared free from the custody and control of

    a.    the child's mother, Maria Teresa Guido, and

    b.    the child's alleged father, Alvaro Guido,

and the parental rights of said persons with respect to said child are terminated.

**DOUGLAS Y. TSUCHIYA**
**Attorney at Law**
**341 Capitol Street, Suite 1**
**Salinas, California 93901**
**Telephone: (831) 758 1077**
**Fax: (831) 758 2341**

January 28, 2008

Guadalupe Ramirez
P 68785
O#216
P.O. Box 689
Soledad, California 93960

LEGAL MAIL

Re: Guadalupe Guido Ramirez, Jr.
    Monterey County Case No. J 40210

Dear Mr. Ramirez:

Enclosed is your file concerning the above matter. I apologize for the time it took for me to send it to you. I have redacted portions of the file that do not refer to your son but to another minor. The information concerning the other child is confidential as a matter of law. Please contact me if you have any questions. Thank you for your courtesy.

Very truly yours,

DOUGLAS Y. TSUCHIYA
DYT/qv
enc.

DECLARATION AND PROOF OF SERVICE BY MAIL

I, Guadalupe Ramirez, declare under the penalty of perjury that I am over the age of 18 years, (   ) and not a party, or ( | ) am a party to this action, and reside in Solano County, at P.O. Box 4000, Cell # 10-247 ) Vacaville, California. 95696-4000.

That on May, 7, 2008 I submitted to custody officials for inspection, sealing and depositing in the United States Mail, consistent with the "Mailbox Rule"; Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) at the California State Prison-Solano, Vacaville, California. 95696-4000 a copy of the attached hereof:

in a fully prepaid envelope, addressed to:

Monterey County Superior Court
1200 Aguacito RD.
Monterey CA 93940-4893

I declare under the penalty of perjury that the foregoing is true and correct. This declaration was executed on this 5, 7, 2008, at CSP-Solano, Vacaville, California. 95696-4000.

_Guadalupe Ramirez_
DECLARANT

**DOUGLAS Y. TSUCHIYA**
**Attorney at Law**
**341 Capitol Street, Suite 1**
**Salinas, California 93901**
**Telephone: (831) 758 1077**
**Fax: (831) 758 2341**

January 28, 2008

Guadalupe Ramirez
P 68785
O#216
P.O. Box 689
Soledad, California 93960

LEGAL MAIL

Re: Guadalupe Guido Ramirez, Jr.
    Monterey County Case No. J 40210

Dear Mr. Ramirez:

Please be advised that I am in receipt of your request for your file. I will be sending you the file; however, portions of the file must be redacted since it concerns another child. As a matter of law, information concerning the other child is confidential. Please contact me if you have any questions. Thank you for your courtesy and patience.

Very truly yours,

DOUGLAS Y. TSUCHIYA
DYT/qv
enc.

LAW OFFICES OF

# CHARLES G. WARNER

Civil Litigation
———
Alternative Dispute Resolution

www.warnerlaw.com

Facsimile
(831) 375-4159

10 Ragsdale Drive
Suite 175
Monterey, CA 93940

Monterey
(831) 375-0203
San Francisco
(415) 984-0203

December 3, 2007

**Personal & Confidential**
Douglas Tsuchiya, Esq.
341 Capitol
Salinas, CA 93902

      Re: Guadalupe Ramirez

Dear Mr. Tsuchiya:

      I have been requested by the local Bar Association to forward the attached letter to you for your immediate action and response. As you know, a client (or former client) is absolutely entitled to their original entire file at their request. You are entitled to keep a copy.

      This matter, which has potential adverse consequences for you, can be easily resolved by arranging for the return of your entire file to Ms. Ramirez. I strongly urge you to act on this matter upon receipt of this letter. It would be in your best interests and the interest of your former (if she is indeed a "former" client) to comply with her request.

Very truly yours,

Charles G. Warner

cc: Guadalupe Ramirez

LAW OFFICES OF

CHARLES G. WARNER

Civil Litigation

10 Ragsdale Drive
Suite 175
Monterey, CA 93940

Alternative Dispute Resolution

www.warnerlaw.com

Facsimile
(831) 375-4159

Monterey
(831) 375-0203
San Francisco
(415) 984-0203

January 10, 2008

Douglas Tsuchiya, Esq.
341 Capitol
Salinas, CA 93902

     Re: Guadalupe Ramirez

Dear Mr. Tsuchiya:

     Enclosed please find another letter I received from your former client, Guadalupe Ramirez. Apparently, the file has not been sent despite the request in my letter of December 3, 2007. We are trying to assist in resolving this issue at a local level, which is better for all concerned.

     Please send the original file upon receipt of this letter and verify that fact with my office. If that does not happen, you leave me very few choices.

Very truly yours,

Charles G. Warner

cc: Guadalupe Ramirez
    Monterey County Bar Association

1 | Monterey County Department of Social Services /
Family and Children's Services
2 | 1000 South Main Street, Suite 112
Salinas, California 93901
3 | Elva Mancilla
4 | (831) 755-4475
AD2 Mancilla
5 | DSS No. 0709897

**FILED**

JUL 0 3 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____DEPUTY
OSCAR LUNA

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF MONTEREY
118 West Gabilan Street, Department 11, Salinas, California 93901

## 366.26 WIC REPORT

| **Hearing Date** | **Hearing Time** | **Dept./Room** | **Hearing Type/Subtype** |
|---|---|---|---|
| 07/14/2006 | 10:00 a.m. | Department - 11 | 366.26 Selection & Implementation; |

## IN THE MATTER OF

| **Name** | **Date of Birth** | **Age** | **Sex** | **Court Number** |
|---|---|---|---|---|
| Guadalupe G. Ramirez | 06/27/2003 | 3 | M | J 40210 |
| Aka: Guadalupe Guido Ramirez Jr. | | | | |
| Tere Guido | 06/17/2005 | 1 | F | J 40211 |
| Aka: Tere Nina Guido-Lopez | | | | |

## SUMMARY RECOMMENDATION

The Department of Social and Employment Services respectfully recommends that the court:

1. Approve adoption as the permanent plan for the children, Guadalupe G. Ramirez, Aka: Guadalupe Guido Ramirez Jr. and Tere Guido, Aka: Tere Nina Guido-Lopez.

2. Terminate the parental rights of the children's mother, Maria T. Guido, Aka: Maria Teresa Guido and the alleged fathers, Guadalupe Ramirez Sr. and Alvaro Guido.

3. Set a Permanent Placement Review Hearing for January 12, 2007.

Confidential in accordance with Penal
Code Section 11167.5 and/or WIC
Sections 827 and 10850.

366.26 WIC Report
07/14/2006

1

1 | Guadalupe G. Ramirez, et al                                                              J 40210

2

3 ## CHILD(REN)'S WHEREABOUTS

4 Guadalupe G. Ramirez and Tere Guido are placed together in the home of their maternal

5 grandparents, Eva Guido and Antonio Guido. The address and phone number are available to the

6 Court upon request.

7

8 ## PARENTS/LEGAL GUARDIANS

| Name/Birthdate | Address/Phone | Relationship/To Whom |
|---|---|---|
| Maria T. Guido<br>04/16/1985 | Monterey County Jail<br>Salinas, California | Mother/<br>Guadalupe R.<br>and Tere G. |
| Guadalupe Ramirez Sr.<br>02/17/1980 | State Prison CDC# P68785<br>P.O. Box 686<br>Soledad, CA  93960 | Father<br>(Alleged)/<br>Guadalupe R. |
| Alvaro Guido<br>02/03/1978 | State Prison Register# 59745097<br>FCI Victorville Med11<br>P.O. Box 5700<br>Adelanto, CA  92301 | Father<br>(Alleged)/<br>Tere G. |

## INTERPRETER

| Interpreter Required | Language | For Whom |
|---|---|---|
| Yes | Spanish | Relative caregivers |

## ATTORNEYS

| Name | Address/Phone | Representing |
|---|---|---|
| Michael Cowan | 132 West Gabilan suite #207<br>Salinas, CA 93901<br>(831) 753-1100 | Guadalupe G.<br>Ramirez & Tere<br>Guido |
| Paddy Grinstein | 132 West Gabilan Street, Suite 211<br>Salinas, CA 93901<br>(831) 422-3222 | Maria T. Guido |

1 | Guadalupe G. Ramirez, Aka: Guadalupe-Guido                    Hearing Date: 06/14/2006
Ramirez Jr.  J 40210                                                         9/5
2 | Tere Guido, Aka: Tere Nina Guido-Lopez
3 | J 40211

4

5 | ## ATTACHMENT TO MINUTE ORDERS
                                                                **Page 1 of 5**
6

7 | ## FINDINGS

8 | ### Introduction

9 | 1.  Notice has been given as required by law.

10 | 2.  The court has read, considered and received into evidence the report prepared by the social
worker pursuant to W&I Code Sec. 361.5(g), 366.21(i), or 366.22(b) and all addenda thereto
11 |     filed for this hearing.

12

13 | ### DSS Compliance and Reasonable Efforts to Finalize Permanent Placement

14 | 3.  The Department of Social Services has fully complied with the case plan by making
reasonable efforts to return the child to a safe home and to complete any steps necessary to
15 |     finalize the permanent placement of the child [Secs. 366(a)(1)(B)].

16

17 | ### Parents' Progress [Sec. 366(a)(1)(E)]

18 | 4.  The child's mother has not made substantive progress toward alleviating or mitigating the
causes necessitating placement of the child in foster care, as set forth in the report of the court
19 |     social worker.

20 | 5.  The child's father has not made substantive progress toward alleviating or mitigating the
causes necessitating placement of the child in foster care, as set forth in the report of the court
21 |     social worker.

22

23 | ### Findings for Permanent Plan of Adoption
### [Sec. 366.26(b)(1), (c)(1) and (h)]
24

25 | 6.  By clear and convincing evidence, based upon the report of court social worker filed herein
and upon other relevant evidence presented herein, it is likely that the child will be adopted.

26

27 | 7.  The court denied or terminated reunification services to the mother at the six-month review
hearing, and made findings in support thereof that are prerequisites to termination of the
mother's parental rights.

28



1 | Guadalupe G. Ramirez, Aka: Guadalupe-Guido
Ramirez Jr. J 40210
2 | Tere Guido, Aka: Tere Nina Guido-Lopez
3 | J 40211

Hearing Date: 8/14/2006
7/15

4

5 | ## ATTACHMENT TO MINUTE ORDERS

**Page 2 of 5**

6

7 | 8. The court denied or terminated reunification services to the father(s) at the dispositional hearing, and made findings in support thereof that are prerequisites to termination of the
8 | father's parental rights.

9 | 9. A permanent plan of adoption is appropriate and in the best interests of the children.

10

11 | Placement Status and Projected Permanent Placement Date

12 | 10. The children's out-of-home placement continues to be necessary and the home in which the child is currently placed is an appropriate placement [Sec. 366(a)(1)(A)].

13 | 11. The children presently resides in a prospective adoptive home.

14

15 | 12. January 12, 2007, is a likely date by which the adoptive placement documents may be completed for the child [Sec. 366(a)(2)].

16

17 | Need for Educational Surrogate
[G Code Sec. 7579.5; Educ. Code Sec. 56156;
18 | W&I Code Secs. 245.5, 361(a), and 366(a)(1)(C); CRC Rule 1456(c)]

19 | 13. The children do not need a surrogate parent for educational purposes.

20

21 | Sibling Contacts
22 | [Secs. 366(a)(1)(D) and 16002]

23 | 14. The following children are siblings to one another and are under the court's jurisdiction:
24 | Guadalupe Ramirez and Tere Guido.

25 | 15. The children under the court's jurisdiction who are siblings to one another are placed together or not, as follows: Guadalupe Ramirez, and Tere Guido are placed together in the home of
26 | their maternal grandparents, Eva and Antonio Guido.

27 | 17. The impact of the sibling relationships on the child's placement and planning for legal permanence is as follows: Every effort should be made to maintain the children together in the
28 | home of the maternal grandparents.



1 | Guadalupe G. Ramirez,  Aka: Guadalupe-Guido          Hearing Date: ~~06/14~~/2006
Ramirez Jr. J 40210                                                                    9/15
2 | Tere Guido, Aka: Tere Nina Guido-Lopez
3 | J 40211

## ATTACHMENT TO MINUTE ORDERS

Page 3 of 5

## ORDERS

18. Adoption is the permanent plan for the children, **Guadalupe G. Ramirez, Aka:  Guadalupe Guido Ramirez Jr.** and **Tere Guido, Aka:  Tere Nina Guido-Lopez.**

~~19.    The children,  Guadalupe G. Ramirez, Aka:  Guadalupe Guido Ramirez Jr. and Tere Guido, Aka:  Tere Nina Guido-Lopez.~~

~~a.    the child's mother, Maria T. Guido, Aka: Maria Teresa Guido, and~~

~~b.    the children's alleged fathers, Guadalupe Ramirez Sr., and Alvaro Guido,~~

~~and the parental rights of said persons with respect to said child are hereby terminat~~ed.

20. The child shall remain a dependent of the Juvenile Court.

21. The child is hereby referred to the Monterey County Department of Social Services, as the licensed adoption agency in the County of Monterey, for adoptive placement, and the Department of Social Services shall be responsible for the custody and supervision of the child and shall be entitled to the exclusive care and control of the child at all times until a petition for adoption is granted.

22. The case plan submitted to the court is approved and all parties shall comply with that plan.

23. The rights of the child's natural mother, <u>Maria T. Guido</u>, and the children's natural father, <u>Guadalupe Ramirez Sr. and Alvaro Guido</u>, to make educational decisions for the child, are extinguished.

Pursuant to W&I Code Sec.361(a)(5), the foster parent with whom the child is placed for adoption shall have the right to represent the child in educational matters pursuant to Education Code Sec.56055, or, if there is no such foster parent willing and able to serve in that capacity, the local educational agency shall appoint a surrogate parent for the child pursuant to Government Code Sec. 7579.5.

24. The Department shall take steps to encourage interactions between the child and his or her siblings as provided in W&I Code Sec. 16002.

25. The prior orders of the court not in conflict with this order remain in full force and effect.

PROOF OF SERVICE BY MAIL

( C.C.P SECTION 101 (A) # 2015.5, 28.U.S.C. 1746 )

I, GUADALUPE RAMIREZ, AM A RESIDENT OF PELICAN BAY STATE PRISON, IN THE COUNTY OF DEL NORTE, STATE OF CALIFORNIA. I AM OVER EIGHTEEN (18) YEARS OF AGE AND AM A PARTY TO THE BELOW NAMED ACTION.

MY ADDRESS IS: P.O. BOX 7500, CRESCENT CITY, CA. 95531.

ON THE 28TH DAY OF JULY, IN THE YEAR OF 2008 I SERVED THE FOLLOWING DOCUMENTS: (SET FORTH THE EXACT TITLE OF DOCUMENTS SERVED)

PETITION OF WRIT OF HABEAS CORPUS.

ON THE PARTY (S) LISTED BELOW BY PLACING A TRUE COPY (S) OF SAID DOCUMENT, ENCLOSED IN A SEALED ENVELOPE (S) WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT PELICAN BAY STATE PRISON, CRESCENT CITY. CA. 95531 AND ADDRESSED AS FOLLOWS:

NINTH CIRCUIT COURT OF APPEALS

95 7TH ST  P.O. BOX 193939

SAN FRANCISCO, CA. 94119

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

DATED THIS. 28TH DAY OF JULY, 2008

SIGNED _Gupe Ramirez_
        DECLARANT SIGNATURE