**United States District Court**
For the Northern District of California

1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    GUADALUPE RAMIREZ,                          No. C 08-3848 WHA (PR)

11                       Petitioner,              **ORDER OF DISMISSAL**

12        vs.

13    ROBERT HOREL, Warden,

14                       Respondent.
                                            /
15

16        This is a habeas case filed pro se by a state prisoner. He states clearly in the petition

17    that he is "not challenging his criminal conviction or sentencing in these [] proceedings," and

18    indeed the substance of the petition goes to a May, 2008, state court proceeding in which his

19    parental rights were terminated. He contends that counsel, apparently including appellate

20    counsel, was ineffective. Because these claims are unrelated to the fact or duration of

21    petitioner's confinement, a habeas case is not the proper way to raise them. *See Moran v.*

22    *Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.

23    1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford*

24    *v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on

25    basis that challenges to terms and conditions of confinement must be brought in civil rights

26    complaint). The petition will be dismissed.

27        In an appropriate case a habeas petition may be construed as a Section 1983 complaint.

28    *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the court *may* construe a habeas

**United States District Court**

For the Northern District of California

1   petition as a civil rights action, it is not *required* to do so. In the time since the *Wilwording* case

2   was decided there have been significant changes in the law. For instance, the filing fee for a

3   habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is

4   forgiven. For civil rights cases, however, the fee is now $350 and under the Prisoner Litigation

5   Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way

6   of deductions from income to the prisoner's trust account. *See* 28 U.S.C. 1915(b)(1). A

7   prisoner who might be willing to file a habeas petition for which he or she would not have to

8   pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would

9   be deducted from income to his or her prisoner account. Also, a civil rights complaint which is

10   dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under

11   28 U.S.C. § 1915(g), which is not true for habeas cases.

12      In view of these potential pitfalls for petitioner if the Court were to construe the petition

13   as a civil rights complaint, the case will be dismissed without prejudice to petitioner filing a

14   civil rights action if he wishes to do so in light of the above.

15                             **CONCLUSION**

16      Petitioner's motion for leave to proceed in forma pauperis (document number 2 on the

17   docket) is **GRANTED**. The petition is **DISMISSED**. The clerk shall close the file.

18      **IT IS SO ORDERED.**

19   Dated: August     22    , 2008.

                                WILLIAM ALSUP

20                                 UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28   G:\PRO-SE\WHA\HC.08\RAMIREZ,G3848.DSM.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


GUADALUPE RAMIREZ,

        Plaintiff,

  v.

ROBERT HOREL, Warden,

        Defendant.

_____ /

Case Number: CV08-03848 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Guadalupe Ramirez
P-68785/C9-208
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95532

Dated: August 25, 2008

                Richard W. Wieking, Clerk
                By: D. Toland, Deputy Clerk